LAW OFFICES OF
**WALKUP, MELODIA, KELLY, WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
(415) 981-7210

KHALDOUN A. BAGHDADI (State Bar #190111)
**ATTORNEY FOR PLAINTIFF**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY EICHORN,<br><br>                   Plaintiff,<br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, LUIS R. RIVAS, individually and in his official capacity, and DOES 1-30, Jointly and Severally,<br><br>                   Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **42 U.S.C. §§ 1983 and 1988**<br>2. **California Civil Rights Violations**<br>3. **California Common Law (Assault; Battery; Negligence)**<br><br>**DEMAND FOR JURY TRIAL** |

**JURISDICTION**

1.      This civil rights action stems from the excessive use of force and detention of plaintiff Audrey Eichorn ("Ms. Eichorn") on July 1, 2002, at the Barnett-Briggs Medical Library of San Francisco General Hospital ("SFGH"). This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is premised upon 28 USC §§ 1331 and 1343(a)(3) and (4). Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC § 1367 to hear and decide claims arising under state law.

2.      The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

/ / /

LAW OFFICES OF
**WALKUP, MELODIA, KELLY, WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1

COMPLAINT FOR DAMAGES

1

## VENUE AND INTRADISTRICT ASSIGNMENT

2        3.        This is the proper Court for commencing this action, as plaintiff resides within the

3    jurisdictional boundaries of the Northern District of California. (28 U.S.C. § 1402 (a)(1)).  As a

4    second basis for venue, all relevant acts or omissions occurred within this district. (28 U.S.C. §

5    1402 (b)).  Because this action arises in the County of San Francisco, assignment to the San

6    Francisco or Oakland division of this Court is proper pursuant to Civil Local Rule 3-2(d).

7                        ## PARTIES AND PROCEDURE

8        4.        At all times herein mentioned, plaintiff Audrey Eichorn was and is a resident of the

9    Coutny of San Francisco, State of California.

10       5.        Defendant City and County of San Francisco is a municipal government entity

11   established by the laws and constitution of the State of California.  At all relevant times herein,

12   said defendant owned, operated, managed, directed, and controlled SFGH, the San Francisco

13   County Sheriff's Department, and the San Francisco Institutional Police Department.

14       6.        Plaintiff is informed and believes, and alleges upon said information and belief that

15   at all relevant times herein, defendant Luis Rivas was an individual employed as a law

16   enforcement officer by the defendant City and County of San Francisco, and served in that

17   capacity at SFGH, the San Francisco County Sherriff's Department, and the San Francisco

18   Institutional Police Department.  At all times alleged herein, defendant Rivas was acting within

19   the course and scope of his employment as a law enforcement officer.

20       7.        Defendant Rivas is sued individually and in his official capacity, and at all material

21   times, each defendant herein acted under color of law.

22       8.        The true names and capacities of defendants sued herein as Does 1-30 ("Doe

23   defendants") are presently unknown to plaintiff, who therefore sues said Doe defendants by such

24   fictitious names, and plaintiff will seek leave to amend this complaint to show their true names

25   and capacities when the same are ascertained.  Plaintiff is informed and believes and thereon

26   alleges that each of the defendants sued herein was negligently, wrongfully, and otherwise

27   responsible in some manner for the events and happenings as hereinafter described, and

28   proximately caused injuries and damages to plaintiff.  Further, one or more Doe defendants was at

LAW OFFICES OF
**WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

2

COMPLAINT FOR DAMAGES

1    all material times responsible for the hiring, training, supervision, control, and discipline of

2    defendant Rivas.

3          9.      Plaintiff is informed and believes, and thereon alleges, that each defendant herein

4    was an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the

5    remaining defendants, and in doing the things herein alleged, was acting within the course and

6    scope of that relationship.

7          10.     Plaintiff is further informed and believes, and thereon alleges, that each of the

8    defendants herein gave consent, aid, and assistance to each of the remaining defendants, and

9    ratified and/or authorized the acts or omissions of each defendant as alleged herein, except as may

10   be hereinafter otherwise specifically alleged.   At all material times, each defendant was jointly

11   engaged in tortious and unconstitutional activity, resulting in the deprivation of plaintiff's civil

12   rights and other harm.

13         11.     At all material times, defendant Rivas acted pursuant to the actual customs,

14   policies, practices and procedures of the City and County of San Francisco, SFGH, the San

15   Francisco Sheriff's Department, and the San Francisco Institutional Police.

16                              **GENERAL ALLEGATIONS**

17         12.     Plaintiff hereby realleges and incorporates by this reference each and every

18   paragraph in this complaint as if fully set forth herein.

19         13.     On July 1, 2002, Ms. Eichorn presented to the pharmacy of SFGH to fill a

20   prescription.   While Ms. Eichorn waited for her prescription to be filled, she entered the Patient

21   Education Resource Center of SFGH, and started using one of the computer terminals to access

22   the internet.

23         14.     At all material times, the Patient Education Resource Center of SFGH was open to

24   the public.

25         15.     Shortly thereafter, Ms. Julia Haugen, an employee of SFGH and the City and

26   County of San Francisco, approached Ms. Eichorn and asked her to identify herself.  When Ms.

27   Eichorn informed her that she was waiting for a prescription, Ms. Haugen told Ms. Eichorn to use

28   the public library, and then left the room.

LAW OFFICES OF
**WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3

COMPLAINT FOR DAMAGES

16.     A few moments after Ms. Haugen left the room, she returned with defendant Luis Rivas.  Defendant Rivas told Ms. Eichorn that she could not use the computer terminal, and asked that she leave the premises.

17.     When Ms. Eichorn asked for further explanation as to why she could not use the computer terminal, defendant Rivas grabbed her right arm, and pulled her out of her chair. Defendant Rivas then employed a submission hold, and forced Ms. Eichorn's arm behind her back by pulling forcibly on her thumb.  Defendant Rivas then forcibly brought Ms. Eichorn to the floor, and placed her in handcuffs.

18.     Shortly thereafter, defendant Rivas employed the handcuffs to lift Ms. Eichorn to her feet.  He then led her out of the Patient Education Resource Center and through the main lobby of SFGH.

19.     At all times above alleged, Ms. Eichorn was behaving peacefully and did not threaten defendant Rivas or any other person.  The seizure, arrest and detention of Ms. Eichorn was without warrant, probable cause, reasonable suspicion, or other legal right.

20.     At all material times, the acts and omissions of defendant Rivas were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Ms. Eichorn's rights.

21.     Plaintiff filed a timely government claim pursuant to California Government Code section 910 et seq., with defendant City and County of San Francisco.  Said claim was denied on December 18, 2002.  This complaint is thus timely filed pursuant to the applicable provisions of the California Government Code.

22.     As a direct, legal and proximate result of each defendant's acts and/or omissions as set forth above, Ms. Eichorn sustained the following injuries and damages, which included:

        a.     A broken thumb, cracked rib, strained rotator cuff and severe damage to the musculature of her neck and back;

        b.     pain, suffering, and emotional distress;

        c.     hospital and medical expenses;

        d.     lost wages and earning capacity;

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

4

COMPLAINT FOR DAMAGES

1        e.    impairment of the normal enjoyment of life;

2        f.    violation of constitutional rights;

3        g.    all damages and penalties recoverable under 42 USC §§ 1983 and 1988,

4              Cal. Civ. Code §§ 51.7 et seq., 52 et seq., and 52.1 et seq., and as otherwise

5              allowed under California and United States statutes, codes, and common

6              law.

7    23.    Defendants subjected plaintiff to their wrongful conduct, depriving her of rights

8    described herein, knowingly, maliciously, and with conscious and reckless disregard for whether

9    the rights and safety of plaintiff and others would be violated by their acts and/or omissions.

10   24.    The conduct of defendant Rivas entitles plaintiff to punitive damages and penalties

11   allowable under 42 USC § 1983 and California law.

12   25.    Plaintiff is also entitled to reasonable costs and attorney fees from all defendants

13   under 42 USC § 1988 and applicable California codes and laws.

**FIRST CAUSE OF ACTION**
**-- 42 USC § 1983 --**
**ALL DEFENDANTS EXCEPT CITY AND COUNTY OF SAN FRANCISCO**

17   26.    Plaintiff hereby realleges and incorporates by this reference each and every

18   paragraph in this complaint as if fully set forth herein.

19   27.    By engaging in the acts and omissions described above, the defendants violated 42

20   USC § 1983, depriving Ms. Eichorn of her clearly-established constitutional rights protected by

21   the First, Fourth and Fourteenth Amendments to U.S. Constitution.  Said rights included, but were

22   not limited to:

23       a.    The right to speak freely as secured by the First Amendment;

24       b.    The right to be free from unreasonable searches and seizures as secured by

25             the Fourth and Fourteenth Amendments;

26       c.    The right to be free from excessive and unreasonable force in the course of

27             a seizure as secured by the Fourth and Fourteenth Amendments;

28

LAW OFFICES OF
**WALKUP, MELODIA, KELLY**
**WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

5

COMPLAINT FOR DAMAGES

1           d.       The right to be free from the deprivation of life, liberty and property

2                 without due process of law as secured by the Fourteenth Amendment.

3       28.      As a direct, legal and proximate result of defendants' acts and/or omissions as set

4 forth above, plaintiff sustained the injuries and damages alleged in paragraphs 22 through 25 of

5 this complaint, and is entitled to relief as set forth below.

6 **SECOND CAUSE OF ACTION**<br>**- 42 USC § 1983 –**

7 **DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND DOES 1-30**

8       29.      Plaintiff hereby realleges and incorporates by this reference each and every

9 paragraph in this complaint as if fully set forth herein.

10       30.      The unconstitutional actions and/or omissions of defendants Rivas and Does 1-30,

11 as well as other officers employed by or acting on behalf of defendant City and County of San

12 Francisco were pursuant to the customs, policies, practices, and/or procedures of defendant City

13 and County of San Francisco to use or tolerate the use of excessive and/or unjustified force, and to

14 detain and/or arrest persons without warrant, probable cause, or legal right.

15       31.      In addition, the above-alleged practices were directed, encouraged, and/or ratified

16 by the highest acting policy making officers for the San Francisco Sheriff's Department, the San

17 Francisco General Hospital, and the San Francisco Institutional Police Department.

18       32.      Defendants failed to properly train, instruct, monitor, supervise, and discipline

19 defendants Rivas and other Doe defendants, with deliberate indifference to Ms. Eichorn's

20 constitutional rights, which were thereby violated as alleged above.

21       33.      The unconstitutional actions and/or omissions of defendants Rivas and other Doe

22 defendants, as described above, were ordered, approved, tolerated and ratified by the highest

23 acting policy making officers, including some Doe defendants, for the City of San Francisco, the

24 San Francisco Sheriff's Department, the San Francisco General Hospital, and the San Francisco

25 Institutional Police Department.

26       34.      The aforementioned customs, policies, practices, and procedures, as well as the

27 failures to properly and adequately train, instruct, monitor, supervise and discipline of defendants

28 City and County of San Francisco and Does 1-30 were a moving force and/or a proximate and

LAW OFFICES OF
**WALKUP, MELODIA, KELLY**
**WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6

COMPLAINT FOR DAMAGES

1  legal cause of the deprivations of plaintiff's clearly-established and well-settled constitutional

2  rights in violation of 42 USC § 1983.

3       35.    As a direct, legal and proximate result of defendants' acts and/or omissions as set

4  forth above, plaintiff sustained the injuries and damages alleged in paragraphs 22 through 25 of

5  this complaint, and is entitled to relief as set forth below.

6  **THIRD CAUSE OF ACTION**
**-- VIOLATION OF CIVIL CODE § 52.1 --**

7  **ALL DEFENDANTS**

8       36.    Plaintiff hereby realleges and incorporates by this reference each and every

9  paragraph in this complaint as if fully set forth herein.

10       37.    By their acts, omissions, customs, and policies, each defendant acting in concert, as

11  described above, violated Ms. Eichorn's rights under California Civil Code § 52.1, and the

12  following clearly-established rights under the United States Constitution and the California

13  Constitution:

14          a.    The right to speak freely as secured by the First Amendment;

15          b.    The right to be free from unreasonable searches and seizures as secured by

16              the Fourth and Fourteenth Amendments to the U.S. Constitution;

17          c.    The right to be free from excessive and unreasonable force in the course of

18              a seizure as secured by the Fourth and Fourteenth Amendments to the U.S.

19              Constitution;

20          d.    The right to be free from the deprivation of life, liberty and property

21              without due process of law as secured by the Fourteenth Amendment to the

22              U.S. Constitution;

23          e.    The right to enjoy and defend life and liberty, acquire, possess and protect

24              property, and pursue and obtain safety, happiness and privacy, as secured

25              by the California Constitution, Article 1, Section 1;

26          f.    The right to life, liberty and property and not to be deprived of those

27              without due process of law as secured by the California Constitution,

28              Article 1, Section 7;

LAW OFFICES OF
**WALKUP, MELODIA, KELLY**
**WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7

COMPLAINT FOR DAMAGES

g.      The right to be free from unlawful and unreasonable seizure of one's person as secured by the California Constitution, Article 1, Section 13;

h.      The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13;

38.     As a direct, legal and proximate result of these violations of California Civil Code § 52.1 and of her rights under the United States and California Constitutions, Ms. Eichorn sustained the injuries and damages alleged in paragraphs 22 through 25 of this complaint, and is entitled to all damages allowed by California Civil Code §§ 52, 52.1, as well as those damages sought below.

## FOURTH CAUSE OF ACTION
## -- VIOLATION OF CALIFORNIA CIVIL CODE § 51.7 --
## ALL DEFENDANTS

39.     Plaintiff hereby realleges and incorporates by this reference each and every paragraph in this complaint as if fully set forth herein.

40.     By their acts, omissions, customs, and policies, each defendant acting in concert, as described above, violated Ms. Eichorn'ss rights secured by California Civil Code § 51.7 to be free from any violence, or intimidation by threat of violence, committed against her person or property because of her gender and/or political affiliation.

41.     As a direct, legal and proximate result of defendants' acts and/or omissions as set forth above, plaintiff sustained the injuries and damages alleged in paragraphs 22 through 25 of this complaint, and is entitled to relief as set forth below.

## FIFTH CAUSE OF ACTION
## -- NEGLIGENCE; PERSONAL INJURIES --
## ALL DEFENDANTS

42.     Plaintiff hereby realleges and incorporates by this reference each and every paragraph in this complaint as if fully set forth herein.

43.     At all times, each defendants owed Ms. Eichorn the duty to act with reasonable and due care in the execution and enforcement of any right, law, or legal obligation.

44.     These duties of reasonable care owed Ms. Eichorn included, but were not limited to the duty to refrain from using excessive and/or unreasonable force against citizens.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

8

45.     These general duties of reasonable care and due care owed to plaintiff by also included the duty to properly and adequately hire, investigate, train, supervise, monitor and discipline their employees, agents, and/or law enforcement officers.

46.     Defendants, through their acts and omissions, breached each and every one of the above alleged duties owed to Ms. Eichorn.  The acts and omissions which breached said duties included the conduct of their employees Julia Haugen and defendant Luis Rivas.

47.     As a direct, legal and proximate result of defendants' acts and/or omissions as set forth above, plaintiff sustained the injuries and damages alleged in paragraphs 22 through 25 of this complaint, and is entitled to relief as set forth below.

### SIXTH CAUSE OF ACTION
### -- ASSAULT AND BATTERY --
### ALL DEFENDANTS

48.     Plaintiff hereby realleges and incorporates by this reference each and every paragraph in this complaint as if fully set forth herein.

49.     The actions and omissions of defendants as set forth above constitute assault and battery as that term is used in California common law.

50.     As a direct, legal and proximate result of defendants' acts and/or omissions as set forth above, plaintiff sustained the injuries and damages alleged in paragraphs 22 through 25 of this complaint, and is entitled to relief as set forth below.

WHEREFORE, plaintiff prays for judgment against defendants herein, jointly and severally for:

a.     compensatory and exemplary damages, including all civil penalties allowed under federal and California law, in an amount according to proof and which is fair, just and reasonable;

b.     punitive damages as allowed under 42 USC § 1983 and California law in an amount according to proof and which is fair, just, and reasonable;

c.     all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Civil Code §§ 51.7 et seq., 52 et seq., 52.1

LAW OFFICES OF
**WALKUP, MELODIA, KELLY**
**WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

9

COMPLAINT FOR DAMAGES

1   et seq., and Cal. Code of Civ. Proc. § 1021, and as otherwise allowed by

2   California and federal law;

3       d.    such other and further relief as this Court may deem appropriate.

4   Dated:  June 5, 2003                WALKUP, MELODIA, KELLY,
5                                 WECHT & SCHOENBERGER

6

7   _____

8   KHALDOUN A. BAGHDADI
    Attorney for Plaintiff

9

10  **JURY DEMAND**

11  Plaintiff hereby requests a trial by jury.

12  Dated:  June 5, 2003                WALKUP, MELODIA, KELLY,
                              WECHT & SCHOENBERGER

13

14

15  _____

16  KHALDOUN A. BAGHDADI
    Attorney for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

10

COMPLAINT FOR DAMAGES